

James Darrow

500 Fifth Avenue, 40th Floor   New York, NY 10110
Phone: 212-257-4886 | Cell: 646-258-6178 | Fax: 212-504-8036 | james@darrowllc.com

September 18, 2015

BY ECF

The Hon. Roslynn R. Mauskopf
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

     Re:     *United States v. Raheem Bert*, No. 14 Cr. 196 (RRM)

Your Honor:

At yesterday's status conference, the Court directed further briefing on four issues relating to Defendant Raheem Bert's application for release on bond, pending issuance of the Second Circuit mandate.  The defense addresses those issues in turn:

    **1.**      **Jurisdiction**

The Court requested authority on its jurisdiction to consider Mr. Bert's bail application in the current procedural posture, *i.e.*, after the Court of Appeals has ruled, but prior to its mandate issuing.  It is settled that, even in cases where mandate has not yet issued, the district court "retains jurisdiction over the person of the defendant at least for the limited purposes of reviewing, altering or amending the conditions under which th[e] court released the defendant." *United States v. Black*, 543 F.2d 35, 37 (7th Cir. 1976); *United States v. Elkins*, 683 F.2d 143 (6th Cir. 1982) (same); *United States v. Sattar*, No. 02 CR. 395 (JGK), 2009 WL 4038461, at *1 (S.D.N.Y. Nov. 18, 2009) (same); *United States v. Mikell*, No. 97-CR-81493, 2010 WL 148673, at *3 (E.D. Mich. Jan. 12, 2010) (rejecting argument that "a stay of the mandate precludes any subsequent decision by the district court to revoke a defendant's bond," and observing that "the authority to revoke bond or change bond conditions during the pendency of the appeal remains with the district court, who is appropriately situated to conduct the fact-gathering necessary in evaluating whether any previous bond determination should be adjusted"); *see also* Wright & Miller, 16A *Fed. Practice & Procedure* § 3987 & n.14 (4th ed. April 2015) (observing that "[i]f the rehearing period is extended by court [of appeals] order . . . [a]ny conditions on the release of a criminal defendant should also be checked at this point to see if any further bail motion is necessary," and citing *Black* for "a district court's continuing jurisdiction over a defendant's release on bond after a notice of appeal has been filed and prior to the district court's receipt of the court-of-appeals mandate").

**2.      The Appropriate Tribunal**

The Court requested briefing on whether this Court or the Court of Appeals is the more appropriate tribunal for Mr. Bert's application.  We submit that this Court is the right tribunal in the first instance, particularly in light of Pretrial Services's current involvement in the proceedings.  This Court has solicited Pretrial's analysis of Mr. Bert's proposed bail package—including, for example, the suitability of his sister's residence in Norfolk, Virginia, and his sister's suitability as a co-signer—and Pretrial is expected to issue a report to this Court next week.  This Court is uniquely suited to make fact-findings based upon Pretrial's analysis.  *See United States v. Hochevar*, 214 F.3d 342 (2d Cir. 2000) (observing that a district court "having greater familiarity with the record, is normally in a far better position than the court of appeals to make [bail] determinations in the first instance," and that exercise of appellate authority is more suitable where appeal has been argued but not decided and issue turns on "the merits and likely outcome of the appeal"); *see also United States v. Snyder*, 946 F.2d 1125, 1127 (5th Cir. 1991) ("The Supreme Court has implicitly recognized that a district court is better situated than [the Court of Appeals] or the Supreme Court to find the facts necessary to making a bail determination."  (citing *Mathis v. United States*, 389 U.S. 801 (Fortas, Circuit J., 1967)).

**3.      The Applicable Bail Standard**

The Court requested authority on which bail standard applies in the specific circumstance presented here, *i.e.*, when the Court of Appeals has reversed the conviction and directed the district court to dismiss the indictment, but the mandate is stayed while the government decides whether it will seek rehearing or appeal further.  The only case we have found in a substantially similar posture is *United States v. Schaefer*, No. 04-20156-JWL, 2007 WL 4180388 (D. Kan. Nov. 21, 2007), which applied a Section 3143(b) standard, and found release warranted for reasons equally applicable to this case.

In *Schaefer*, the Tenth Circuit issued a panel opinion reversing the defendant's conviction and remanding for a judgment of acquittal, the government subsequently filed a petition for rehearing, and while that petition was pending, the defendant filed a motion for release.  *Id.* at *1.  The district court found that the defendant was "subject to detention pursuant to 18 U.SC. § 3143(b)(2)," the mandatory detention provision applicable to defendants sentenced to imprisonment for certain crimes "who ha[ve] filed an appeal or a petition for a writ of certiorari."  *Id.*  The court then proceeded to grant the defendant's application for release, on the ground that the unusual posture of the case presented "exceptional circumstances" warranting release.  *Id.* at *3.

Importantly, the district court in *Schaefer* does *not* appear to have considered the issue currently before this Court—*i.e.*, whether (as the parties agree) the pretrial bail standard of Section 3143(c) and Section 3142 is more applicable.  Nevertheless, the decision in *Schaefer* is instructive in its discussion of the equities presented by the highly unusual posture of that case and this one:

> Most motions for release likely depend on only a potentially successful appeal by the defendant and a future decision by a court. *Mr. Schaefer, however, has already achieved a reversal, and the government is trying to overturn the decision.* Unless the petition for rehearing is granted and ultimately is returned in favor of the government, Mr. Schaefer *would be spending time incarcerated that he should not have served at all, even though the appellate court already had issued its opinion that Mr. Schaefer should be acquitted.* The court finds that this qualifies as an exceptional reason why Mr. Schaefer's continued detention would be inappropriate.

*Id.* at *3 (emphasis added, footnotes omitted). These same considerations warrant applying the more lenient pretrial bail standard of Section 3143(c), which is the section that applies where "the government is trying to overturn the decision" in favor of the defendant.

This view has support in the legislative history of the Bail Reform Act of 1984.[1] According to a leading treatise, Congress set a more lenient burden for release in cases of government appeals, because in those circumstances the defendant "should be treated as innocent." Wright & Miller, 3B *Federal Practice & Procedure Criminal* § 770 (4th ed. April 2015). Similarly, Mr. Bert "should be treated as innocent" for purposes of release because, pursuant to an order of the Court of Appeals, this case should not have gone to trial, and he never should have been convicted, in the first place.[2]

Indeed, these equities present a stronger case for release than they did in *Schaefer*. Unlike in *Schaefer*, the government has not yet even *decided* whether it will seek further review of the panel's opinion dismissing the indictment. All that has happened thus far is that the government has been granted additional time to make that decision. In the context of this case, where the Court of Appeals has ruled that a Speedy Trial violation occurred, that delay must in all justice militate toward the defendant's release. The government yesterday voiced these very considerations in stating why in its view the Section 3143(c) standard was more applicable.

---

[1] As the parties and the Court discussed yesterday, none of the provisions of 18 U.S.C. § 3143 are directly applicable to this posture. Section 3143(c) does not directly apply because the government has not appealed a district court order, yet the plain text of 18 U.S.C. § 3143(b) does not apply either, because Mr. Bert's appeal has resulted in an order of the Court of Appeals.

[2] By contrast, cases where the Court of Appeals has remanded for retrial—as opposed to acquitting the defendant or dismissing the charges outright—may warrant the stricter bail standard set forth in Section 3143(b). The Federal District of Columbia has applied the Section 3143(b) standard to defendants who sought post-reversal, pre-mandate release, and, unlike Mr. Bert, were subject to retrial when the mandate issued. *See United States v. Hite*, 72 F. Supp. 3d 29, 30 (D.D.C. 2014) (remand for retrial due to instructional error); *United States v. Wright*, No. CR 09-129-3(ESH), 2013 WL 6407031, at *1 (D.D.C. Dec. 9, 2013) (remand for new trial due to erroneously admitted evidence); *United States v. Jones*, 800 F. Supp. 2d 90, 92 (D.D.C. 2011) (Fourth Amendment violation).

**4.        Mr. Bert Should Be Released**

This Court requested additional briefing on why Mr. Bert should be released.  Mr. Bert should be released, under either bail standard, in light of the unusual posture of this case and the security of the proposed bail package.

For the reasons discussed above, the equities presented by the posture of this case militate toward release under either bail standard.  First, Mr. Bert should be "treated as innocent" pursuant to the order of the Court of Appeals dismissing the charges against him.  Second, the Speedy Trial concerns articulated by the Court of Appeals further counsel for release while the government decides whether it will seek rehearing.  Third, it is very unlikely that the panel majority opinion will be overturned—as explained in our letter of September 14, 2015, rehearing is only rarely granted, even the dissent concedes that the panel majority opinion correctly states the law, and there is no split of authority at issue.  Accordingly, the overwhelming likelihood is that Mr. Bert is currently "spending time incarcerated that he should not have served at all," and thus should be released.  *Schaefer*, 2007 WL 4180388, at *3.

As for the Court's expressed concerns about Mr. Bert's risk of flight and potential to re-offend, we respectfully submit that the package we have submitted adequately addresses those concerns even under a "clearly convincing" standard.  We anticipate that Pretrial will approve Mr. Bert's sister to watch over him at her residence in Norfolk, Virginia, or, failing that, that we will find a suitable candidate in Norfolk that Pretrial will approve.  The purpose of re-locating Mr. Bert to supervision in Virginia is to separate him from the milieu in which he received his criminal record.  It is the experience of the undersigned, as well as the Federal Defender and the U.S. Attorney's Office, that it is commonplace for defendants to be supervised out of district.  In such circumstances, Pretrial Services in the home district retains supervisory authority over the local supervising Pretrial officers, and thus clients are, in effect, subject to two layers of supervision.  Finally, the government concedes that in the particular circumstances of this case the requirement of a bond will suffice to address any risk of flight or danger to the community.

For these reasons, and those set forth in our letters of September 14 and 17, we respectfully submit that this Court approve the bail package the parties have agreed upon.


Respectfully submitted,

/s James Darrow

James Darrow